ON APPLICATION FOR ATTORNEY'S LICENSE.

1. The court are not limited in their inquiry as to the moral character of an applicant for an attorney's license to the certificate, but will, and are bound, in cases attended with suspicious circumstances, to look behind it.

2. An indictment *found*, and pending, or quashed for formal defects, if it charges any matter involving *moral turpitude*, is such a charge as the court from their personal knowledge will notice, and require the applicant by oath or otherwise to purge himself therefrom, before they will admit him to examination.

On matter of application for recommendation for license to practice as an attorney.

Application is made to this court for an examination in order to admission to practice as an attorney at law.

The certificate is in the usual form, embracing all the requisites prescribed by the rule. It is, however, within the official knowledge of the court, and is admitted, that the applicant was recently indicted for obtaining goods upon false pretences. The indictment was not traversed, but was quashed upon the ground that the matter charged did not constitute an indictable offence. The facts which formed the groundwork of the indictment were, that the defendant, under pretence of obtaining a note from the prosecutors for five dollars, for services of a professional character rendered by the defendant, had falsely and fraudulently procured his signature to a note for $50.

1. The certificate is not conclusive of the truth of the facts contained in it. The language of the rule is, " no person shall be admitted to examination unless he shall have served a regular clerkship with some practising attorney of this court for the term of three years, at least, * * * and shall be of good moral character." The rule prescribes certain requisites to an admission to examination. It does not prescribe the form of proof by which their existence shall be established. The court must be satisfied that the applicant has those requisites. The certificate is the usual proof, but it is not conclusive. It may be founded in mistake, or want of proper information. If it appear by the record of conviction that an applicant had been convicted of larceny, the court would not admit him to examination on a certificate of his good moral character. They would immediately upon proof of such fact, strike his name from the roll after his admission.

2. The power of the court to reject the application on the ground of moral delinquency, is clear and unquestionable.

The power, it is admitted, is one of great delicacy, and should be exercised with extreme caution, and with a scrupulous regard for the character and rights of the applicant.   But on the other hand, the standing of the profession must not be disregarded, nor must the court shrink from the performance of a clear duty however embarrassing.

The court volunteer no investigation into the private character of the applicant, much less do they presume anything against his innocence.   They do not presume to act upon their private knowledge.   They limit the investigation to such acts as would, after his admission to the bar, be a ground for striking him from the roll.   They act upon proof within their official knowledge. The facts are charged upon oath.   The matter is of public notoriety.   The act charged involves fraud and moral turpitude. It is precisely such a charge, and rests upon such evidence as would, if committed in the course of practice, warrant the court in calling upon an attorney to show cause why his name should not be stricken from the roll.

Under these circumstances, I am of opinion that the application should be denied, unless the applicant shall upon oath purge himself of the imputed delinquency, or by satisfactory proof relieve himself from the charge.   This course, in my judgment, is due, no less to the applicant himself than to the profession and the community.

NEVIUS, WHITEHEAD, CARPENTER, and RANDOLPH, JJ. concurred.